﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 210122-130395
DATE: February 26, 2021

REMANDED

Entitlement to service connection for cause of death is remanded.

REASONS FOR REMAND

The Veteran served on active duty from February 1961 to July 1992. He died in January 2018. The appellant is his surviving spouse.

A rating decision was initially issued in April 2020. The appellant submitted a July 2020 Higher Level Review (HLR) request VA Form 20-0996. The agency of original jurisdiction (AOJ), in a July 2020 Higher-Level Review Return, determined that there had been a duty to assist error and essentially reassigned the appellant’s claim to the supplemental claim lane for additional development. Subsequently, the AOJ issued a November 2020 rating decision, acknowledging the appellant’s request for a higher-level review but noting a discovery of an error in assisting the appellant. The RO added that it took action to correct its error and implied that it was instead considering the claim under the supplemental review lane. See 38 C.F.R. § 3.2601(f-g). 

As such, although the Board would only be allowed to consider the evidence of record at the time of the initial rating decision (HLR), because the RO subsequently issued and treated the November 2020 decision as one for a supplemental claim, the Board will consider evidence of record at the time of the November 2020 rating decision.

In January 2021, the unrepresented appellant filed a VA Form 10182, Decision Review Request: Board Appeal, the appellant elected the Direct Review docket. 

Entitlement to service connection for cause of death 

The death certificate indicates that the Veteran died in January 2018. The cause of death was a self-inflicted gunshot wound to the chest (suicide). During his lifetime, service connection was established for bilateral high frequency sensorineural hearing loss, chronic obstructive pulmonary disease (COPD) asthmatic bronchitis, right elbow bursitis, a lumbar strain with history of right sciatica, allergic rhinitis and sinusitis, hemorrhoids, and an excision of a mole from the back, sebaceous cyst from the neck and warts. 

The appellant contends that the Veteran’s cause of death, suicide, is related to active service. Specifically, the appellant contends that the Veteran experienced depression and constantly felt like a burden due to the limitations caused by his service-connected disabilities. Ultimately, she asserts that the Veteran’s feelings of depression, caused in part by his service-connected disabilities, resulted in the Veteran taking his own life. See October 2020 statement. 

In order to establish service connection for the cause of a veteran’s death, the evidence must show that a disability incurred in or aggravated by active service was the principal or contributory cause of death. In order to constitute the principal cause of death the service-connected disability must be one of the immediate or underlying causes of death or be etiologically related to the cause of death. Contributory cause of death is inherently one not related to the principal cause. In order to constitute the contributory cause of death it must be shown that the service-connected disability contributed substantially or materially; that it combined to cause death; that it aided or lent assistance to the production of death. It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection. 38 C.F.R. § 3.312; Lathan v. Brown, 7 Vet. App. 359 (1995); see also Gabrielson v. Brown, 7 Vet. App. 36, 39 (1994).

Based on the foregoing, the Board finds that this issue must be remanded to correct a pre-decisional duty to assist error. Specifically, a VA medical opinion should have been obtained. Given the appellant’s assertions, a medical opinion is warranted to help determine if the Veteran’s cause of death, suicide, is etiologically related to active service, including to his service-connected disabilities. This pre-decisional duty to assist error was noted in the Higher-Level Review Return. In the VA Form 20-0999 it was noted that the claim needed to be sent for a medical opinion. This was not completed and must be accomplished on remand. 

The matters are REMANDED for the following action:

Forward the claims folder to an appropriate clinician for review and for an opinion addressing the cause of the Veteran’s death. The Veteran’s claims file and a copy of this remand should be provided to the examiner and the medical report should reflect that these items were reviewed.

The examiner should offer the following opinions with supporting rationale:

Is it at least as likely as not (probability of 50 percent or greater) that the service-connected disabilities are etiologically related or had a causal connection to Veteran’s cause of death, suicide, that is:

a) either singly, or jointly with some other condition, was the immediate or underlying cause of death, or was etiologically related thereto, and thereby was a principal cause of the Veteran’s death;

b) contributed substantially or materially, to a principal cause of death, that is, suicide; 

c) caused such debilitating effects and general health impairment that the Veteran was rendered materially less capable of resisting the effects of other disease or injury primarily causing death;

d) was of such severity as to have a material influence in accelerating death and affected a vital organ and was itself of a progressive or debilitating nature.

A complete rationale must be provided for all opinions offered. If an opinion cannot be offered without resort to mere speculation, the examiner must fully explain why this is the case and identify what additional evidence, if any, would allow for a more definitive opinion. 

 

C. CRAWFORD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. M. Clark, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.